# In the United States Court of Federal Claims

No. 15-1189C
Filed December 17, 2018
NOT FOR PUBLICATION

| | | |
|---|---|---|
| MARINE INDUSTRIAL CONSTRUCTION, LLC, | ) ) ) ) | |
| Plaintiff, | ) ) | Reasonable Expenses; RCFC 26; RCFC 37. |
| v. | ) ) | |
| THE UNITED STATES, | ) ) | |
| Defendant. | ) ) ) | |

*Joseph A. Yazbeck, Jr.*, Attorney of Record, *David H. Bowser*, Jordan Ramis, PC, Lake Oswego, OR, for plaintiff.

*Jimmy S. McBirney*, Trial Counsel, *Douglas K. Mickle*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, *Joseph H. Hunt*, Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC; *Anna D. Ross*, Of Counsel, United States Army Corps of Engineers—Seattle Division, for defendant.

## MEMORANDUM OPINION AND ORDER

GRIGGSBY, Judge

## I. INTRODUCTION

On September 14, 2018, the Court: (1) denied Marine Industrial Corporation, LLC's ("MIC") motion to compel the disclosure of certain documents that are within the possession of the government's expert dredging consultant, Dalton, Olmstead & Fuglevand, Inc.; (2) granted the government's motion to strike certain exhibits to MIC's motion to compel; and (3) granted the government's motion to compel MIC to return or destroy certain documents that were inadvertently disclosed by the government during fact discovery. *See generally* Memorandum Opinion and Order, *Marine Indus. Constr., LLC v. United States*, No. 15-1189C (Fed. Cl. Sept. 14, 2018), at Entry No. 49 (the "September 14, 2018, Decision"). The Court also held in abeyance the government's request that MIC pay its reasonable expenses in connection with the litigation of both of these motions. *Id.* at 11.

The parties have filed supplemental briefs on the issue of whether MIC should be required to pay the government's reasonable expenses, pursuant to Rules 26 and 37 of the Rules of the United States Court of Federal Claims ("RCFC").  *See generally* Pl. Br.; Def. Supp. Br.; Pl. Reply Br.  For the reasons set forth below, the Court:  (1) **DENIES** the government's request that MIC pay its reasonable expenses in connection with defending MIC's motion to compel and (2) **DENIES** the government's request that MIC pay its reasonable expenses in connection with the preparation of the government's motion to compel the return or destruction of documents and motion to strike.

II.     **FACTUAL AND PROCEDURAL BACKGROUND**

A.     **Factual Background**

A detailed factual background regarding the parties' discovery dispute and cross-motions is set forth in the Court's September 14, 2018, Decision.  *See generally* September 14, 2018, Decision.  Specifically relevant here, after MIC moved to compel compliance with a subpoena *duces tecum* to obtain certain documents from Dalton, Olmstead & Fuglevand, Inc. ("DOF"), the government moved to strike certain documents attached as exhibits to MIC's motion to compel and to compel MIC to return or destroy documents that the government inadvertently produced to MIC during fact discovery, pursuant to RCFC 26(b)(5)(B).  Def. Mot. at 14-16; *see also* Def. Supp. Br. at 4.  The government also requested that the Court order MIC to pay its reasonable expenses in connection with litigating both of these motions pursuant to RCFC 37(a)(5).  Def. Mot. at 16.

On September 14, 2018, the Court issued a Memorandum Opinion and Order that:  (1) denied MIC's motion to compel; (2) granted the government's motion to strike certain exhibits to MIC's motion to compel; and (3) granted the government's motion to compel MIC to return or destroy certain documents.  *See generally* September 14, 2018, Decision.  The Court also held in abeyance the government's request that MIC pay its reasonable expenses in connection with the litigation of the parties' cross-motions.  *Id.* at 11.

Specifically, in the September 14, 2018, Decision, the Court held, among other things, that the documents sought by MIC were protected by the work-product privilege, because these documents were created primarily for the purpose of assisting the government with this litigation.  *Id.* at 8.  The Court also held that any work performed by DOF to assist with the

preparation of the contracting officer's final decision on MIC's Contract Disputes Act claim "was connected to the ongoing litigation of this case." *Id.* at 8. And so, the Court concluded that the government properly withheld the documents at issue based upon the work-product privilege and denied MIC's motion to compel. *Id.* at 9.

In addition, the Court held that MIC did not meet its obligations under RCFC 26(b)(5)(B) to return or destroy certain documents after the government notified MIC of its objection to the disclosure of these documents based upon the work-product privilege. *Id.* at 9-10. And so, the Court granted the government's motion to strike the documents filed as exhibits to MIC's motion to compel and the government's motion to compel MIC to either return or destroy these documents. *Id.* at 10.

At the request of MIC, the Court held in abeyance further consideration of the government's request that the Court order MIC to pay its reasonable expenses in connection with the litigation of the parties' respective motions, so that MIC would have the opportunity to further brief the issue. *Id.* at 11.

### B. Procedural Background

On October 1, 2018, MIC filed a supplemental brief opposing the government's request for an award of reasonable expenses. Pl. Br. On October 15, 2018, the government filed a response to MIC's supplemental brief. Def. Supp. Br. On October 19, 2018, MIC filed a reply brief. Pl. Reply Br.

### III. LEGAL STANDARDS

### A. RCFC 26

RCFC 26 generally addresses the duty to disclose in connection with civil discovery and this rule provides the following regarding the parties' obligations following notice of a claim of privilege:

> **(B)** *Information Produced.* If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before

being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

RCFC 26(b)(5)(B).

### B. RCFC 37

RCFC 37 governs motions to compel and this rule provides that "[o]n notice to other parties . . . a party may move for an order compelling disclosure or discovery." RCFC 37(a)(1). In addition, RCFC 37 specifies the types of motions that are contemplated under this rule and the rule provides that:

> *Specific Motions.*
>
> **(A)** *To Compel Disclosure.* If a party fails to make a disclosure required by RCFC 26(a), any other party may move to compel disclosure and for appropriate sanctions.
>
> **(B)** *To Compel a Discovery Response.* A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:
>
> **(i)** a deponent fails to answer a question asked under RCFC 30 or 31;
>
> **(ii)** a corporation or other entity fails to make a designation under RCFC 30(b)(6) or 31(a)(4);
>
> **(iii)** a party fails to answer an interrogatory submitted under RCFC 33; or
>
> **(iv)** a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under RCFC 34.

RCFC 37(a)(3)(A)-(B).

In addition, RCFC 37 addresses the payment of a party's reasonable expenses following the resolution of a motion to compel and provides that:

> *Payment of Expenses; Protective Orders*
>
> **(A)** *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that

>> conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
>> **(i)** the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
>> **(ii)** the opposing party's nondisclosure, response, or objection was substantially justified; or
>
>> **(iii)** other circumstances make an award of expenses unjust.
>
>> **(B)** *If the Motion Is Denied.* If the motion is denied, the court may issue any protective order authorized under RCFC 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.
>
>> **(C)** *If the Motion Is Granted in Part and Denied in Part.* If the motion is granted in part and denied in part, the court may issue any protective order authorized under RCFC 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.

RCFC 37(a)(5)(A)-(C). And so, RCFC 37, which mirrors the Federal Rules of Civil Procedure ("FRCP"), "'encompass a presumption that sanctions should be awarded unless one of the [exempting] conditions in the Rule is met.'" *Covad Commc'ns Co. v. Revonet, Inc.*, 262 F.R.D. 1, 2 (D.D.C. 2009) (quoting Fed. R. Civ. P. 37, Adv. Comm. Notes to 1970 Amends.) (applying identical provisions of the FRCP).

In this regard, this Court has explained that "'[a] legal position is 'substantially justified' if there is a 'genuine dispute' as to proper resolution or if 'a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.'" *Council for Tribal Employment Rights v. United States*, 110 Fed. Cl. 244, 250 (2013) (quoting *Decision Insights, Inc. v. Sentia Grp., Inc.*, 311 F. App'x 586, 599 (4th Cir. 2009)); *see also Petro-Hunt, L.L.C. v. United States*, 113 Fed. Cl. 80, 82 (2013). The Supreme Court of the United States has also acknowledged that "a position can be justified even though it is not correct, and . . . can be substantially . . . justified if a reasonable person could think it correct . . . ." *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988). Conversely, "'a party's position is not substantially justified if there is no legal support

5

for it.'"  *Council for Tribal Employment Rights*, 110 Fed. Cl. at 250 (quoting *Cobell v. Norton*, 266 F.R.D. 67, 91 (D.D.C. 2005)).

### IV.   LEGAL ANALYSIS

The government requests that the Court require MIC to pay its reasonable expenses in opposing MIC's motion to compel upon the ground that MIC's motion to compel was not substantially justified and no other circumstances would make an award of expenses unjust.  Def. Supp. Br. at 1-4; *see* RCFC 37(a)(5)(B); Def. Mot. at 16.  The government also requests that the Court require MIC to pay its reasonable expenses in preparing its motion to compel the return or destruction of documents and motion to strike, because MIC has not shown that:  (1) the government filed its motion before attempting in good faith to obtain the disclosure or discovery without court action; (2) MIC's response was substantially justified; or (3) other circumstances make an award of expenses unjust.   Def. Supp. Br. at 4-7; *see* RCFC 37(a)(5)(A); Def. Mot. at 16.

MIC counters that an award of reasonable expenses in connection with its motion to compel is not warranted, because MIC's motion to compel was substantially justified and other circumstances make an award of fees or costs unjust.  Pl. Br. at 5-10.  In addition, MIC argues that an award of reasonable expenses in connection with the government's motion to compel the return or destruction of documents and motion to strike is similarly unwarranted because:  (1) an award of reasonable expenses is not available for the type of motion that the government filed and (2) government counsel failed to confer in good faith prior to filing the government's motions.  *Id.* at 2-5.

For the reasons set forth below, MIC has shown that its motion to compel was substantially justified and the government has not shown that RCFC 37 permits the award of reasonable expenses incurred with respect to its motion to compel the return or destruction of documents and motion to strike.  And so, the Court:  (1) **DENIES** the government's request that the Court order MIC to pay its reasonable expenses in connection with defending MIC's motion to compel and (2) **DENIES** the government's request that the Court order MIC to pay its reasonable expenses in connection with the preparation of the government's motion to compel the return or destruction of documents and motion to strike.

### A.     MIC's Motion To Compel Was Substantially Justified

As an initial matter, MIC has demonstrated that an award of reasonable expenses with respect to its motion to compel is not warranted, because MIC's position that the documents it sought from DOF were prepared in the ordinary course of business was substantially justified. And so, the Court declines to order MIC to pay the government's reasonable expenses in defending this motion.

It is well-established that RCFC 37 requires that the Court award the party that successfully opposed a motion to compel its reasonable expenses if the motion is denied, unless "the motion was substantially justified or other circumstances make an award of expenses unjust." RCFC 37(a)(5)(B). In this regard, the Court has explained that "[a] legal position is substantially justified if there is a 'genuine dispute' as to proper resolution or if 'a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Council for Tribal Employment Rights*, 110 Fed. Cl. at 250 (citation omitted). And so, MIC must show that there was a "'genuine dispute' as to proper resolution" of the parties' discovery dispute in this case, or that it had a "reasonable basis in law and fact" for filing a motion to compel, to avoid the award of reasonable expenses. *Id.*

In this case, MIC has shown that its motion to compel was substantially justified, because a reasonable person could have believed that the documents sought from DOF were not covered by the work-product privilege. As MIC correctly observed in its motion to compel, documents which are prepared in the ordinary course of business are not covered by the work-product privilege, even where litigation is anticipated. Pl. Mot. at 13 (citing *Occidental Chem. Corp. v. OHM Remediation Servs. Corp.*, 175 F.R.D. 431, 435 (W.D.N.Y. 1997)); *see also Pacific Gas & Elec. Co. v. United States*, 69 Fed. Cl. 784, 791 (2006). And so, MIC reasonably argued in its motion to compel that certain documents obtained during discovery showed that the documents sought from DOF had been drafted to aide in preparation of the contracting officer's April 15, 2016, final decision and thus, had also been prepared in the ordinary course of business. Pl. Resp. at 4-11; *see also Northrop Grumman Corp. v. United States*, 80 Fed. Cl. 651, 655 (2008).

To support this argument, MIC identified passages contained in two draft reports indicating that DOF "was hired by the USACE on March 2, 2016, to provide technical reports on specified topics *in support of* [*the Contracting Officer's Decision*] *preparation*." Pl. Mot. at 5-6

7

(emphasis original); Pl. Ex. I at 4; Pl. Ex. J at 4.  MIC also identified meeting minutes that state that "DOF is to provide the USACE with two technical reports *in support of preparing* [*the*] *Contracting Officer's Decision . . . .* "  Pl. Mot. at 4 (emphasis original).  Given the references in the aforementioned documents to DOF's work assisting with the preparation of the contracting officer's final decision, MIC persuasively argues that a reasonable person could have concluded that the documents sought from DOF were prepared in the ordinary course of business and, therefore, were not covered by the work-product privilege.[1]  *See Northrop Grumman Corp.*, 80 Fed. Cl. at 655; *Pacific Gas & Elec. Co.*, 69 Fed. Cl. at 791.  Given this, the Court concludes that MIC's motion to compel was substantially justified, because MIC's position had a "reasonable basis in law and fact."  *Council for Tribal Employment Rights*, 110 Fed. Cl. at 250; *see* September 14, 2018, Decision at 7-9.  And so, the Court must **DENY** the government's request that MIC pay its reasonable expenses in opposing MIC's motion to compel.

> B.   **The Government Has Not Shown That It Is Entitled To An Award Of The Reasonable Expenses Incurred In Preparing Its Motions To Compel And To Strike Under RCFC 37**

The Court is also not persuaded by the government's argument that it is entitled to an award of reasonable expenses under RCFC 37 in connection with the preparation of its motion to compel the return or destruction of documents and motion to strike, because this remedy is not available for the motions filed by the government.  In this regard, RCFC 37(a)(5)(A) provides for the award of reasonable expenses incurred in connection with the litigation of motions filed pursuant to RCFC 26(c)—relating to motions for a protective order—and RCFC 37(a)(3)— relating to motions to compel.  *See* RCFC 26(c)(3) ("RCFC 37(a)(5) applies to the award of expenses."); RCFC 37(a)(3).

Notably, RCFC 37(a)(3) identifies five types of motions to compel that may result in the award of reasonable expenses incurred, namely, motions regarding:  (1) the failure to make disclosures under RCFC 26(a); (2) the failure to answer a question under RCFC 30 or 31; (3) the failure of a corporation to make a disclosure under RCFC 30 or 31; (4) the failure to answer an

---

[1] The Court held that the fact that DOF may have worked on the Contracting Officer's Decision does not preclude the government from asserting the work-product privilege with respect to the documents sought from DOF, because the primary motivational purpose for creating those documents was to assist the government in this litigation.  September 14, 2018, Decision at 9.

8

interrogatory under RCFC 33; and (5) the failure to produce documents under RCFC 34.  RCFC 37(a)(3)(A)-(B).

In this case, there is no dispute that the government filed its motion to compel the return or destruction of documents and motion to strike pursuant to RCFC 26(b)(5)(B), which pertains to the obligations that a party has upon inadvertently receiving privileged materials during discovery and learning of a privilege claim.  Pl. Br. at 3-5; Def. Supp. Br. at 4, 6; *see* RCFC 26(b)(5)(B).  A careful reading of RCFC 26(b)(5)(B) makes clear that this rule does not contain a provision providing for a remedy in the event of noncompliance with the obligation to return, destroy, or file under seal, privileged documents.  *See generally* RCFC 26(b)(5)(B).  Nor does the rule specifically address the award of reasonable expenses.  *See generally id.*  And so, the Court does not read RCFC 26(b)(5)(B) to permit the award of reasonable expenses in connection with the government's motion to compel the return or destruction of documents and motion to strike.

The government's reliance upon the United States District Court for the District of Nevada's decision in *Kelly v. CSE Safeguard Insurance Co.* to support its request for an award of reasonable expenses pursuant to RCFC 26(b)(5)(B) is also misplaced.  *See* Def. Supp. Br. at 4-6.  The government cites this case to show that, among other things, an award of reasonable expenses is available in connection with successful motions brought pursuant to RCFC 26(b)(5)(B).  Def. Supp. Br. at 4-6 (citing *Kelly v. CSE Safeguard Ins. Co.*, No. 2:08-cv-88-KJD-RJJ, 2011 WL 3494235, at *4 (D. Nev. Aug. 10, 2011)).  But, the Court reads the *Kelly* case to largely address the award of reasonable expenses in connection with a motion for entry of protective order pursuant to FRCP 26(c).  *Kelly*, 2011 WL 3494235, at *2-3 (discussing issuance of a protective order under FRCP 26(c)).  The Court also reads this case to address FRCP 26(b)(5)(B) within the context of a motion for sanctions.  *See id.* at *4 (discussing FRCP 26(b)(5)(B) in connection with whether to sanction a party for using privileged portions of an exhibit).  Given this, the Court does not read this case to support the government's argument that the remedy of an award of reasonable expenses is available in connection with its motion to compel the return or destruction of documents and motion to strike.  And so, the Court must also

**DENY** the government's request to recover the reasonable expenses incurred in preparing its motion to compel the return or destruction of documents and motion to strike.[2]

## V.   CONCLUSION

In sum, MIC has shown that its motion to compel was substantially justified and the government has not shown that the remedy of an award of reasonable expenses incurred is available in connection with its motion to compel the return or destruction of documents and motion to strike.  And so, for the foregoing reasons, the Court:

(1) **DENIES** the government's request that the Court order MIC to pay its reasonable expenses in connection with defending MIC's motion to compel; and

(2) **DENIES** the government's request that the Court order MIC to pay its reasonable expenses in connection with the preparation of the government's motion to compel the return or destruction of documents and motion to strike.

   **IT IS SO ORDERED.**

                                                            s/ Lydia Kay Griggsby
                                                            LYDIA KAY GRIGGSBY
                                                            Judge

---

[2] Because MIC has shown that its motion to compel was substantially justified and the government has not shown that an award of reasonable expenses incurred is available in connection with its motion to compel the return of documents and motion to strike, the Court does not reach the other issues raised by the parties in their supplemental briefs.  *See* Pl. Br. at 2-3, 8-9; Def. Supp. Br. at 3-4, 6-7.